IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01103-BNB

BRIAN PATRICK O'CONNOR,

    Plaintiff,

v.

MONA MALENSEK, sued individually, and
MICHAEL HELLY, sued individually,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Brian Patrick O'Connor, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. Mr. O'Connor initiated the instant action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On May 14, 2013, in response to an order of April 26, 2013 (ECF No. 4), he filed *pro se* an amended § 1983 Prisoner Complaint (ECF No. 9) alleging violations of his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment. Mr. O'Connor asks for money damages and declaratory relief.

    Mr. O'Connor has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. O'Connor is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. O'Connor's amended complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

Mr. O'Connor asserts two similar claims for relief against each Defendant. In each claim, he contends that from June 12, 2012, to February 13, 2013, Defendants fails to award him the same amount of good-time credits as other workers in the Inmate Service Unit doing the same job. As a result of these allegations, he contends Defendants are subjecting him to cruel and unusual punishment by discriminating against him.

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Mr. O'Connor's claims focus on conditions of confinement he finds to be unequal. The fact that Mr. O'Connor disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities. In fact, as the Supreme Court of the United States has observed that "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons). The claim of cruel and unusual punishment is without merit.

Although he does not assert a Fourteenth Amendment equal protection claim, Mr. O'Connor's contention that he is being treated unequally raises equal protection

3

concerns.  The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. AMEND. XIV.  "The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).  "A state practice will not require strict judicial scrutiny unless it interferes with a 'fundamental right' or discriminates against a 'suspect class' of individuals."  *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir. 1988). "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to comport with the Equal Protection Clause of the Fourteenth Amendment."  *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)) (emphasis added).  *See also Vasquez*, 862 F.2d at 25152 ("Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose") (citation omitted).

Mr. O'Connor's allegations do not implicate either a fundamental right or a protected class.  Therefore, when considering his equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class."  *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008).  A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Equal protection, however, does not

4

require that all people be treated identically.  See *Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).

Mr. O'Connor's allegations fail to demonstrate how his equal protection rights were violated by receiving fewer good-time credits than other inmates performing the same job.  It is not plausible that "there are no relevant differences between [Mr. O'Connor] and other inmates that reasonably might account for their different treatment." *Templeman* v. *Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  As a result, Mr. O'Connor cannot establish that he was treated differently than "similarly situated" inmates.  Therefore, the equal protection claim will be dismissed.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 9) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  21st  day of    May           , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court